**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.: 20-022 (KBJ)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANE NAIRNS,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT PRETRIAL STATEMENT

Frederick W. Yette
Assistant U.S. Attorney
555 4th Street, NW
Washington, DC 20530
Frederick.Yette@usdoj.gov
202-252-7733 (o)
202-738-7236 (c)

Carlos Vanegas
Assistant Federal Defender
625 Indiana Avenue, NW
Washington, DC 20004
Carlos_Vanegas@fd.org
202-208-7500 (o)

## JOINT STATEMENT OF THE CASE

The government alleges that on July 19, 2019, the defendant hopped over a temporary police barrier at the Ellipse near the intersection of 17th Street and Constitution Avenue, NW. When a U.S. Secret Service officer attempted to stop the defendant he pushed the officer away and ran away up the street. The officer chased the defendant and he was eventually caught, tackled to the ground and arrested after a struggle. As a result of these events, the defendant has been charged with Forcibly assaulting, resisting and impeding officers with physical contact, in violation of Title18, United States Code, Section 111(a)(1), and Unlawful entry on public property, Title 22, D.C. Code, 3302(b). The defendant maintains that he is not guilty of the offenses.

**Standard Criminal *Voir Dire* Questions**
Judge Ketanji Brown Jackson

1. [The statement of the case is read.] From what I have told you so far, does anyone believe that they have heard anything about this case?

2. The United States in this case is represented by Frederick Yette and Nicole Hutchinson, from the U.S. Attorney's Office. PLEASE STAND. Do you know any of these individuals, either personally or professionally?

3. The defendant at trial is Dane Nairns. PLEASE STAND. Do you know the defendant or have you had any contact with the defendant?

4. **[Dane Nairns]** is represented in this case by Carlos Vanegas, from the Federal Public Defender Service. PLEASE STAND. Do you know any of these individuals, either personally or professionally, or have any affiliation with the Federal Defender Service?

5. You may hear testimony from or about a number of people during the course of this trial. Mr. Yette will now identify for you the names of people who may testify for the government, and Mr. Vanegas will then read for you the names of people who may testify for the defendant.

6. Based on the information I gave you about this case, have you heard or read about this matter before coming to court or do you believe you know anything about the facts and circumstances of the case?

7. You have heard about the charges in this case, which involve fleeing from and struggling with the police. Does anyone have such strong feelings about these charges that it would be difficult to be fair and impartial?

8. You may also hear that someone involved in the trial, whether it be a witness or the defendant himself, may have been previously convicted of a felony offense. Would that knowledge make it difficult for you to be fair to that individual?

9. Do you know or do you recognize any other member of the prospective jury panel?

10. Do you know anyone else who is in the courtroom today, such as any of the courtroom clerks; the translators; the courtroom reporter; or me, the Judge?

11. The lawyers predict that the presentation of evidence in this trial should last approximately three days, and I think this is a fair estimate, but it could run shorter or longer. The jury will sit Monday through Friday from 9:30 AM to 4:30 PM for as long as it takes to hear the evidence in the case. The length of jury

14

deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to, such that you could be faced with a hardship if selected for the jury in this case?

12. Do you have any vision or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case or to give your full attention to the case?

13. Do you have any other health problems which would interfere with your ability to sit as a juror in this case?

14. Do you have any difficulty in reading, speaking, or understanding English?

15. Have you, any members of your family, or any close friends ever studied law, had any legal training, or been employed by a lawyer or a law firm, worked in a courthouse, been a paralegal, served as a legal secretary, or performed legal investigative work?

16. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

17. Do you have any personal, cultural, or religious bias that would prevent you from treating the testimony of all individuals equally and fairly?

18. Have you ever served as a juror at a criminal trial or on a grand jury?

19. If you have previously been a juror in a civil or criminal trial, was there anything about your experience that might affect your ability to serve fairly and impartially in this case?

20. Have you, any members of your family, or any close friends ever been employed by a local, state, or federal law enforcement agency or a private security company, or ever applied for such employment? For example, this includes work at a police department, FBI, sheriff's department, CIA, Department of Justice, Marshal's Service, or the like.

21. Have you or any of your close friends worked for a defense attorney or defender organization?

22. Have you, any members of your family, or any close personal friends had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

23. Have you ever filed a complaint against a police officer or anyone in law enforcement?

24. Is there any reason you would not be able to follow my instruction that you are not

to give any greater or lesser weight to the testimony of a witness merely because he or she is a government or law enforcement officer?

25. Have you or any members of your family or any close personal friends ever been arrested or convicted of a crime, been a victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?

26. Do you or a close friend or family member belong to any group or organization that is active in law enforcement or crime victim prevention matters? I will give you some examples: Fraternal Order of Police, Crime Watch, Crime Stoppers, or crime victim groups?

27. Is there anything else about the nature of this case or about the parties involved that would make it difficult for you to remain objective or to render a verdict based solely upon the evidence presented?

28. Persons who have been charged with crimes are presumed to be innocent. The prosecution has the burden of proof. This means that the jury cannot return a guilty verdict against a defendant unless the prosecution has proven, beyond a reasonable doubt, that the defendant is guilty of a particular crime. Would you have any difficulty accepting and applying this legal principle?

29. Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?

### **Proposed Additional Voir Dire Questions**

In addition to the Court's standard voir dire questions, the parties request that the following questions be posed to prospective jurors:

1. Are you, or is someone in your household at high risk for complications from contracting COVID-19 because of age, medical condition, or other characteristic?

2. Are you a healthcare worker directly involved in the treatment of COVID-19 patients, or do you work in a field that puts you in direct contact with people who have been diagnosed with COVID-19?

3. Do you have child care or elder care concerns that that make it difficult for you to

serve as a result of COVID-19?

4.  Have you been tested for COVID-19, or requested a test and denied being given the test?

5.  Have you or any close friends or family members had COVID-19?

6.  Have you traveled out of the area around the District, Maryland and Virginia within the last three weeks?

7.  Are you willing to notify the Court if you feel ill or if you are exposed to anyone who falls ill?

## PROPOSED JURY INSTRUCTIONS

*The following instructions are not contested.  All are from the Red Book.*

Preliminary Instructions

| | |
|---|---|
| 1.101 | Introduction and voir dire |
| 1.102 | Preliminary instructions before trial |
| 1.107 | Preliminary instructions to jury where identity of alternates is not disclosed |
| 1.108 | Juror's recognition of witness |

Final Instructions

| | |
|---|---|
| 2.100 | Furnishing jury with copy of instructions |
| 2.101 | Function of the court |
| 2.102 | Function of the jury |
| 2.103 | Jury's recollection controls |
| 2.104 | Evidence in the case |
| 2.105 | Statements of counsel |
| 2.106 | Indictment not evidence |
| 2.107 | Burden of proof |
| 2.108 | Reasonable doubt |
| 2.109 | Direct and circumstantial evidence |
| 2.110 | Nature of charges not to be considered |
| 2.111 | Number of witnesses |
| 2.112 | Inadmissible and stricken evidence |
| 2.200 | Credibility of witnesses |
| 2.207 | Police officer's testimony |
| 2.208 | Right of defendant not to testify |
| 2.402 | Multiple Counts – One Defendant |
| 2.405 | Unanimity |
| 2.407 | Verdict form explanation |

14

2.501          Exhibits during deliberations

2.502          Selection of foreperson

2.505          Punishment not relevant

2.508          Cautionary instruction on publicity, communication and research

2.509          Communications between court and jury

2.510          Attitude and conduct of jurors in deliberations

2.511          Excusing alternate jurors

3.101          Proof of state of mind

               Proposed Instructions for Counts One and Two

## Instruction 1.101
## Introduction and Voir Dire

Good [morning] [afternoon], ladies and gentlemen, and welcome to courtroom 17. I am Judge Ketanji Brown Jackson, and I will be the presiding judge in this case. You have been called to this courtroom for possible selection in a criminal case entitled *United States v. Dane Nairns*.

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed. [*Oath given*.]

The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you.

During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to truthfully answer those questions.

[*If index cards are used*] You all should now have an index card and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right- hand corner of your index card. I am now going to ask you a series of 43 questions. They are all yes/no questions. If you have a "yes" answer to a particular question, please write the number of the question on your card. Don't write "yes" or why you have a "yes" answer; just write the number. I will then bring each of you to the bench and put this husher on. You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions. We do this at the bench to preserve your privacy.

[*If topic sheets are used*] You all should now have a topic sheet and a pen or pencil. Please look at your juror badge and write the last three digits from your badge in the upper right- hand corner of your topic sheet. I am now going to ask you the series of 43 questions on your sheet. They are all yes/no questions. If you have a "yes" answer to a particular question, please circle the number of the question on your sheet. Don't write "yes" or why you have a "yes" answer; just circle the number. I will then bring each of you to the bench and put this husher on. You will give me your card and state your jury number, and I will ask you why you did or did not answer particular questions. We do this at the bench to preserve your privacy.

We're going to be asking what may appear to you to be some personal questions in an attempt to get your viewpoint about things, and it is important that you be entirely straightforward with us in your responses so that we may more easily select the jury for this case.

[*Read questions*.]

14

## Instruction 1.102
## Preliminary Instructions beforeTrial

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

*[Insert at this point relevant instructions concerning*:

1.    *Notetaking by Jurors (See Instruction 1.105);*

2.    *Preliminary Instruction to Jury Where Identity of Alternates is Not Disclosed (See Instruction 1.107); and*

3.    *A Juror's Recognition of a Witness or Other Party Connected to the Case (See Instruction 1.108)]*.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

The government alleges that on July 19, 2019, the defendant hopped over a temporary police barrier at the Ellipse near the intersection of 17th Street and Constitution Avenue, NW. When a U.S. Secret Service officer attempted to stop the defendant he pushed the officer away and ran away up the street. The officer chased the defendant and he was eventually caught, tackled to the ground and arrested after a struggle. As a result of these events, the defendant has been charged by indictment with Forcibly assaulting, resisting and impeding officers with physical contact, in violation of Title18, United States Code, Section 111(a)(1), and Unlawful entry on public property, Title 22, D.C. Code, 3302(b). The defendant maintains that he is not guilty of the offenses.

You should understand clearly that the indictment that I just read [or summarized] is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

14

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.

To prove each of these offenses, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of [name of offense] are:

*[Read elements of the offenses and any other required instruction relating to the substantive offense.]*

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find that the government has failed to prove any element of ta particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorneys Frederick Yette and Nicole Hutchinson. When I mention the defendant or the defense, I am referring either to the defendant Dane Nairns or to his attorney, Carlos Vanegas.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or s/he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his/her innocence or to produce any evidence. If the defense does put on evidence, Mr. Vanegas will call witnesses to the stand and ask questions on direct examination, Mr. Yette or Ms. Hutchinson will cross-examine, and Mr. Vanegas may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You--and only you--are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

16

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## Instruction 1.105
## Notetaking by Jurors

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

## FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**<u>Instruction 1.107</u>**
**<u>Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed</u>**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108**
**A Juror's Recognition of a Witness or Other Party Connected to the Case**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

**Instruction 2.100**
**Furnishing the Jury with a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## **Instruction 2.101**
## **Function of the**
## **Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction 2.102**
**Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## **Instruction 2.103**
## **Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## Instruction 2.104
## Evidence in the Case—Judicial Notice, Stipulations, Depositions

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and [the facts and testimony stipulated to by the parties].

[I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to what testimony [name of witness] would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.]

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.106**
**Indictment Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Dane Nairns's guilt or draw any inference of guilt from it.

## Instruction 2.107
## Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Dane Nairn to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Dane Nairn is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Dane Nairn not guilty.

**Instruction 2.108**
**Reasonable Doubt**

The government has the burden of proving Dane Nairn guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Instruction 2.109**
**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.110**
**Nature of Charges Not To Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## **Instruction 2.111**
## **Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## Instruction 2.112
## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Instruction 2.200**
**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.207**
**Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

**Instruction 2.208**
**Right of Defendant Not To Testify**

Every defendant in a criminal case has an absolute right not to testify. Dane Nairns has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

**Instruction 2.402**
**Multiple Counts—One Defendant**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

## **Instruction 2.405**
## **Unanimity—General**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

**Instruction 2.407**
**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction 2.501**
**Exhibits during Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502**
**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Instruction 2.505
## Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.508**
**Cautionary Instruction on Publicity, Communication and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.509**
**Communications between Court and Jury during Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## Instruction 2.510
## Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.511**
**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**Instruction 3.101**
**Proof of State of Mind**

Someone's knowledge or intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's knowledge or intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by Dane Nairns, and all other facts and circumstances received in evidence which indicate his knowledge or intent.

It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Dane Nairns acted with the necessary state of mind.

In addition to the Court's standard jury instructions, the parties request that the following instructions be given:

## Count One – Forcibly Assaulting, Resisting and Impeding Officers with Physical Contact

Title 18, United States Code, Section 111, makes it a crime to assault and commit other acts against certain federal officers or employees. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

1. First, that the defendant assaulted, resisted, opposed, impeded, intimidated or interfered with U.S. Secret Service Officer Rachel Conway;

2. Second, that at the time of the assault, resistance, opposition, impedance, intimidation, or interference, Officer Conway was an officer or employee of the United States;

3. Third, that the defendant did so while the employee was engaged in or on account of the performance of official duties;

4. Fourth, that the defendant acted voluntarily and intentionally; and

5. Fifth, that the defendant acted forcibly.

All of the acts described earlier – assaulted, resisted, opposed, impeded, intimidated or interfered with – are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly.

[Instruction based on 2 Fed. Jury Prac. & Instr. § 24:03 (6th ed.).]

## Count Two – Unlawful Entry on Public Property

Title 22, Code of the District of Columbia, Section 3302(b), makes it unlawful for any person without lawful authority to enter or remain on public property against the will of the person lawfully in charge of the property.  For you to find the defendant guilty, the government must

prove each of the following beyond a reasonable doubt:

1. That the defendant entered certain restricted public property, in this case, the area known as the Ellipse;

2. That the defendant entered the Ellipse voluntarily, on purpose, and not by mistake or accident;

3. That he did so without lawful authority;

4. That the entry was against the will of a person lawfully in charge of the property;

5. That the defendant knew or should have known that he was entering against that person's will.

[Instruction based on Red Book instruction 5.401.]

**Government's Witness List**

**U.S. Secret Service Officer Rachel Conway**
Role:   Initial officer who sought to stop defendant. Defendant physically resisted her attempt to stop him and she chased and helped tackle the defendant.
Estimate of Direct Testimony: 1 hour

**U.S. Secret Service Officer Jarred Gill**
Role:   Responded to call for assistance; helped subdue defendant and was kicked in the process.
Estimate of Direct Testimony: 1 hour

**U.S. Secret Service Officer Thomas Beukema**
Role:   Responded to call for assistance; helped subdue defendant; pulled out his taser and told the defendant he would tase him if he didn't stop struggling. The defendant stopped.
Estimate of Direct Testimony: 1 hour

**U.S. Secret Service Officer Steven Young**
Role:   Responded to call for assistance and helped subdue defendant,
Estimate of Direct Testimony: 30 minutes

**U.S. Secret Service Officer Ryan Devanney**
Role:   Crime scene officer who took photos.
Estimate of Direct Testimony: 30 minutes

**U.S. Secret Service Officer Scott Biel**
Role:   Crime scene officer who took photos.
Estimate of Direct Testimony: 30 minutes

**U.S. Secret Service Officer Shawn Fagan**
Role:   Encountered defendant in the morning prior to the incident and tried to interview him, but the defendant was not interested in answering questions and left.
Estimate of Direct Testimony: 30 minutes

## <u>GOVERNMENT'S EXHIBIT LIST</u>

| Exhibit No. | Exhibit | Witness | Admitted? |
|---|---|---|---|
| 1 | Diagram of the Ellipse | | |
| 2 | Diagram of the White House area | | |
| 3 | Crime Scene photo | | |
| 4 | Photo of the area of the Ellipse | | |
| 5 | Photo of the area of the stop | | |
| 6 | Photo of Officer Conway | | |
| 7 | Photo of Officer Conway | | |
| 8 | Photo of Defendant | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| | | | |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No.: 20-022 (KBJ)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DANE NAIRNS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## VERDICT FORM

### Count One

On the charge of Forcibly assaulting, resisting and impeding officers with physical contact, we the Jury find the defendant,

_____ Guilty                    _____ Not Guilty

### Count Two

On the charge of Unlawful entry on public property, we the Jury find the defendant,

_____ Guilty                    _____ Not Guilty